Breest v. Brodeur, Comm'r          CV-95-100-SD  06/26/95

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Robert Breest


    v.                                    Civil No. 95-100-SD


Paul Brodeur, Commissioner,
 New Hampshire Department of
 Corrections


                    O R D E R


    Kristján Á. Ásgeirsson, an attorney not admitted to the bar

of this court, seeks to represent petitioner Robert Breest in

this habeas corpus proceeding.  He moves for admission pursuant

to the "special admissions" provisions of Local Rule 4(c).[1]  For

reasons hereinafter set forth, his motion must be denied.

_____

    [1]Local Rule 4(c) states:

        SPECIAL ADMISSIONS.  By order of the court,
        in special circumstances, a person may be
        admitted to the bar of this court at any
        time, whether or not the person has complied
        with all of the requirements for admission
        provided, however, that the requirements that
        the person be admitted make an oath (or
        affirmation), sign the register of attorneys,
        and pay the prescribed fee shall not be
        waived.

## 1. Background

Petitioner's mother has apparently retained Attorney Ásgeirsson to represent her son in these proceedings. A member of the bar of the Commonwealth of Massachusetts, Ásgeirsson has not been admitted to practice in the courts of New Hampshire. Such admission is a requirement for admission to the bar of this court. Local Rule 4(a).[2]

As a member of the Massachusetts bar, Attorney Ásgeirsson can be admitted pro hac vice upon motion of a member of the bar of this court who agrees to be associated with him in these proceedings. Local Rule 5(b).[3] Attempting to avoid the

---

[2]Local Rule 4(a) provides:

> ELIGIBILITY. Any person who is a member in good standing of the bar of the Supreme Court of New Hampshire is eligible for admission to the bar of this court, and the bar of this court shall consist of those attorneys who have already been admitted to the bar of this court and those who shall be hereafter so admitted pursuant to subsection (b).

[3]Local Rule 5(b) provides:

> VISITING ATTORNEYS. Any attorney who is a member in good standing of the bar of any court of the United States or of the highest court of any state may at the discretion of the court, on motion by a member of the bar of this court who is actively associated with him in a particular action, be permitted to practice before this court in that action. The court may at any time for good cause revoke such permission without hearing. An

strictures of this rule seeks to invoke a portion of the local rule applicable to those who, by reason of their membership in the New Hampshire bar, are eligible for admission to the bar of this court.

## 2. Discussion

It is well established that "admission before the Bar traditionally has been considered primarily and initially subject to control by the admitting court and this control is subject to review only by reason of abuse of discretion or constitutional infirmities in the exercise of the control." Panzardi-Alvarez v. United States, 879 F.2d 975, 980 (1st Cir. 1989), cert. denied, 493 U.S. 1082 (1990). Admissions pro hac vice invoke no constitutional due process or equal protection rights. Leis v. Flynt, 439 U.S. 438 (1979).

Local Rule 4(c), supra note 1, refers only to those who, being eligible pursuant to Local Rule 4(a), supra note 2, as members of the New Hampshire bar, seek for unusual reasons, such

---

attorney so permitted to practice before this court in a particular action shall at all times have associated with him in such action a member of the bar of this court, upon whom all process, notices, and other papers may be served and who shall sign all papers filed with the court and whose attendance shall be required at all proceedings unless excused by the court.

as a call to military duty or illness or other matter beyond control of the applicant which prevent attendance at the regular admission proceedings, to seek admission to our bar at times convenient to them.  It has no application to circumstances where those not eligible for admission to the bar of this court by reason of their membership in the New Hampshire bar seek to invoke its terms.

Finally, counsel's suggestion that language contained in O'Neal v. McAninch, ___ U.S. ___, ___, 115 S. Ct. 992, 996 (1995), requires application of criminal rather than civil standards concerning admission of counsel in habeas corpus proceedings is here found to be without legal merit and is rejected.[4]

3.  Conclusion

For the reasons hereinabove set forth, the motion of Attorney Ásgeirsson which seeks admission pursuant to Local Rule 4(c) must be and it is herewith denied.  Counsel is, of course,

---

[4] O'Neal v. McAninch, supra, established the rule that where a federal judge in a habeas corpus proceeding is in grave doubt about whether trial error of federal constitutional law had substantial and injurious effect or influence in determining the jury's verdict, that error is not harmless, and the petitioner must win.  The language upon which movant relies merely points out that custody rather than mere civil liability raises the stakes concerning the issues to be decided.  It does not hold that habeas corpus is other than a civil proceeding.

at liberty to seek admission under the applicable pro hac vice rule detailed in Local Rule 5(b), _supra_ note 3.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

June 22, 1995

cc:  Robert Breest, pro se
     Kristján Á. Ásgeirsson, Esq.
     John A. Curran, Esq.